# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VEHICLE IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BASIC ENERGY SERVICES, INC., <br><br> Defendant. | Civil Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Vehicle IP, LLC files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendant. Vehicle IP, LLC states and alleges the following:

## THE PARTIES

1. Plaintiff Vehicle IP, LLC is a Delaware limited liability company, having its principal place of business at 5101 Wheelis Drive, Suite 100, Memphis, Tennessee 38117. Vehicle IP is wholly-owned by Vehicle Safety & Compliance, LLC ("VSAC") located in Memphis, Tennessee. VSAC is a transportation technology company that invents, develops and sells products principally for commercial vehicles.

2. On information and belief, Defendant Basic Energy Services, Inc. ("BES") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 801 Cherry St Unit 2, Fort Worth, Texas 76102-6886.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over BES because it regularly conducts business in the State of Texas and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
### (Patent Infringement)

6. Vehicle IP restates and realleges the preceding paragraphs of this Complaint.

7. On December 2, 1997, United States Patent No. 5,694,322 ("the '322 patent") entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued by the United States Patent and Trademark Office. Vehicle IP owns the '322 patent by assignment. A true and correct copy of the '322 patent is attached as Exhibit A.

8. On October 19, 1999, United States Patent No. 5,970,481 ("the '481 patent") entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued by the United States Patent and Trademark Office. Vehicle IP owns the '481 patent by assignment. A true and correct copy of the '481 patent is attached as Exhibit B.

9. On February 16, 2010, a third party filed *ex parte* reexamination requests with the United States Patent and Trademark Office (Patent Office) with respect to the '322 and '481

patents. On April 30, 2010 and May 1, 2010, the Patent Office granted the third party's requests for reexamination of the '322 and '481 patents.

10. On September 13, 2011, the Patent Office concluded the first reexamination of the '322 patent by issuing an *Ex Parte* Reexamination Certificate, confirming the patentability of the original claims and the new claims added during the reexamination. A true and correct copy of the Reexamination Certificate of the '322 patent is attached as Exhibit C.

11. On July 8, 2011, and nearly one week after the Patent Office issued the Notice of Intent to Issue a Reexamination Certificate (NIRC) for the '322 patent, the same third party filed a second request for reexamination of the '322 patent. The Patent Office granted the third party's request. More than two years later, on January 15, 2014, the Patent Office concluded the second reexamination of the '322 patent by issuing an *Ex Parte* Reexamination Certificate. The Patent Office confirmed the patentability of claims 7, 17, 34, 44, 47, 48, 51, 52, 65, 66, 69, 70, 73, 74, 87, 88, 92, 93, 95, 98, 99, 113, 114, 130, 131, 133, 135, 137, 140, 141, 174, 175, 185, and 186 of the '322 patent. A copy of the second Reexamination Certificate of the '322 patent is attached as Exhibit D.

12. On July 10, 2012, the Patent Office concluded the first reexamination of the '481 patent by issuing an *Ex Parte* Reexamination Certificate, confirming the patentability of the original claims and the new claims added during the reexamination. A true and correct copy of the Reexamination Certificate of the '481 patent is attached as Exhibit E.

13. On August 1, 2012, and less than one month after the Patent Office issued the reexamination certificate for the '481 patent, the same third party filed a second request for reexamination of the '481 patent. The Patent Office granted the third party's request. On January 15, 2014, the Patent Office concluded the second reexamination of the '481 patent by

issuing an *Ex Parte* Reexamination Certificate. The Patent Office confirmed the patentability of claims 1-11, 13-20, 42-44, 53-73, 83-85, and 94-110. A copy of the second Reexamination Certificate of the '481 patent is attached as Exhibit F.

14. On information and belief, BES uses a vehicle positioning and communication system and fuel tax reporting services that, in combination, are capable of practicing the '322 and '481 patents. Based on publicly available information, Vehicle IP suspected that BES may have infringed the '322 and '481 patents.

15. Vehicle IP gave BES actual notice of the '322 and '481 patents as early as April 26, 2012, and from that date has sought information that would assist Vehicle IP in confirming whether BES's systems and methods for determining the fuel tax for its vehicles are within the lawful scope of one or more claims of the '322 and '481 patents.

16. For example, on April 26, 2012, Bradley Larschan, the Chief Executive Officer of Vehicle IP, sent a letter to Ken Huseman, President and Chief Executive Officer of BES, identifying the '322 and '481 patents and requesting that BES provide information sufficient to describe in detail the systems and methods it uses to calculate fuel taxes for the vehicles in its fleet. Despite leaving several follow up messages for Mr. Huseman, BES never responded to the April 26 letter.

17. After waiting more than eight months with no response to the April 26 letter, counsel for Vehicle IP sent follow up letters to BES on December 20, 2012, and February 26, 2013.

18. A few days later, on March 7, 2013, outside counsel for Vehicle IP conferred with Mark Rankin, the Vice President of Risk Management for BES. Mr. Rankin represented that BES's vehicles use GPS units provided by Mix Telematics, but was unaware of how BES

4

determines the fuel tax for the vehicles in its fleet. Mr. Rankin agreed to provide Vehicle IP with information to determine whether BES requires a license to the '322 and '481 patents.

19. On March 8, 2013, counsel for Vehicle IP sent Mr. Rankin an email following up on their March 7 teleconference. The March 8 email sought targeted information regarding BES's systems and methods for fuel tax determination. Counsel for Vehicle IP sent additional emails on April 3 and April 25 that requested an update on BES's investigation.

20. BES has never provided the requested information or, for that matter, further responded to Vehicle IP.

21. Because BES has refused to respond to Vehicle IP's inquiries, Vehicle IP has not been able to further analyze the extent of BES's infringement. Therefore, relying on the precedent established in *Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000) and on information and belief, Vehicle IP pleads that BES has made, used, sold, and offered for sale and are currently making, using, selling, and offering for sale a system and method for determining the fuel tax of a vehicle, including, but not limited to, a Mix Telematics vehicle position and communication system in combination with fuel tax reporting services. Through these activities, BES has been infringing the '322 and '481 patents.

22. On information and belief, BES has been and is actively inducing the infringement of the '322 and '481 patents in violation of 35 U.S.C. § 271(b) by inducing third parties, such as Mix Telematics, to provide the products and services identified in paragraph 21 that are used by the accused systems and methods that infringe the '322 and '481 patents.

23. On information and belief, BES knew that its actions would induce infringement of the '322 and '481 patents, and BES possessed specific intent to encourage the infringement. For example, BES has admitted that it has used products and services from Mix Telematics for

the accused systems and methods that practice the claims in the '322 and '481 patents.  This shows that BES knowingly induced Mix Telematics to commit acts necessary to infringe the '322 and '481 patents and Mix Telematics committed those acts.

24. On information and belief and based on the preceding paragraphs, there was and is an objectively high likelihood that BES has been and is infringing the '322 and '481 patents; BES has been and is infringing the '322 and '481 patents with knowledge of the patents; and BES subjectively knew of the risk of infringement of the '322 and '481 patents and/or the risk of infringement of the '322 and '481 patents was so obvious that BES should have known of the risk; and thus, BES's infringement of the '322 and '481 patents has been and continues to be willful.

25. On information and belief, BES will continue to infringe the '322 and '481 patents unless and until it is enjoined by this Court.

26. BES has caused and will continue to cause Vehicle IP irreparable injury and damage by infringing the '322 and '481 patents.  Vehicle IP will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until BES is enjoined from infringing the '322 and '481 patents.

**PRAYER FOR RELIEF**

WHEREFORE, Vehicle IP respectfully requests that this Court:

(1)     Enter judgment that BES has infringed the '322 and '481 patents;

(2)     Enter an order permanently enjoining BES and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '322 and '481 patents;

(3)     Award Vehicle IP damages in an amount sufficient to compensate it for BES's infringement of the '322 and '481 patents, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4)     Award Vehicle IP an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5)     Treble the damages awarded to Vehicle IP under 35 U.S.C. § 284 by reason of BES's willful infringement of the '322 and '481 patents;

(6)     Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Vehicle IP its attorney fees, expenses, and costs incurred in this action; and

(7)     Award Vehicle IP such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Vehicle IP demands a jury trial on all issues so triable.

Dated: March 5, 2014                                      **FISH & RICHARDSON P.C.**


By:  */s/ Thomas M. Melsheimer*
       Thomas M. Melsheimer
       Texas Bar No. 13922550
       txm@fr.com
       Britnee M. Reamy
       Texas Bar No. 24053439
       bmr@fr.com
       FISH & RICHARDSON, P.C.
       1717 Main Street, Suite 5000
       Dallas, Texas 75201
       Telephone (214) 747-5070
       Fax (214) 747-2091

       Attorneys for Plaintiff
       VEHICLE IP, LLC